IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARFIELD H. WRIGHT,<br>　　　　　Petitioner,<br><br>　v.<br><br>WILLIAM STICKMAN, et al.,<br>　　　　　Respondent. | CIVIL ACTION<br>No. 02-5024 |

**O R D E R**

Now before the court is petitioner's pro se request for a writ of habeas corpus. A litigant is barred from bringing a second or successive habeas petition under 28 U.S.C. § 2254 absent exceptional circumstances and certification by the appropriate court of appeals. See 28 U.S.C. § 2244(b). Therefore, a petitioner who does not assert all the grounds for relief in his initial 2254 petition risks being barred from bringing any omitted claims in a later petition.

Given that the petitioner may not have been aware of the bar on second or successive section 2254 petitions, the court will give him the opportunity to decide whether he wishes:

(1) to have the court rule upon the petition as filed and lose his ability to file successive petitions absent certification by the court of appeals; or

(2) to withdraw the petition, and file one all-inclusive section 2254 petition within the one-year period imposed by the statute.[1]

---

[1] If the petitioner wishes to withdraw his motion in order to file a single, all-inclusive 2254 petition, he must do so within one year from the latest of:
　(1)　the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
　(2)　the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is

See Mason v. Meyers, 208 F.3d 414, 417-18 (3d Cir. 2000) (requiring a district court to give a pro se section 2254 litigant notice of the bar on second or successive petitions); see also United States v. Miller, 197 F.3d 664, 652 (3d Cir. 1999) (requiring a district court to give similar notice to section 2255 pro se litigants).

**AND NOW,** this 6th day of August, 2002, it is hereby **ORDERED** that the petitioner shall inform this court, in writing, within **thirty (30) days** of the date of this Order whether he wishes to have the petition ruled upon as filed. If the court does not receive a written response from the petitioner within the sixty-day deadline, the court shall rule upon the petition as filed. See Miller, 197 F.3d at 652 n. 7.

**BY THE COURT:**

_____
**MARVIN KATZ, S.J.**

---

<div style="footnote">

(3)     removed, if the applicant was prevented from filing by such State action;
the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A state court criminal judgment is final for purposes of bringing a section 2254 motion "at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires." Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999). In addition, "[t]he time during which a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted . . . ." 28 U.S.C. § 2244(d).

</div>