IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GARFIELD WRIGHT,        :<br>          Petitioner,  :<br>                         :<br>     v.                  :<br>                         :<br>WILLIAM STICKMAN, et al.,:<br>          Respondents.  :  | CIVIL ACTION<br><br>NO. 02-5024 |

### ORDER

AND NOW, this      day of          , 2003, upon careful and independent consideration of the Petition for Writ of Habeas Corpus and the Amended Petition for Writ of Habeas Corpus, and the Response thereto, and after review of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport, IT IS HEREBY ORDERED that:

  1. the Report and Recommendation is APPROVED and ADOPTED;

  2. the Petition for Writ of Habeas Corpus is DENIED and DISMISSED;

  3. there is no probable cause to issue a certificate of appealability.

BY THE COURT:


_____
KATZ, MARVIN, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARFIELD H. WRIGHT, | : | CIVIL ACTION |
| Petitioner, | : | |
| v. | : | NO. 02-5024 |
| WILLIAM STICKMAN, et al., | : | |
| Respondents. | : | |

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION**

      Presently before the Court is a pro se Petition for Writ of Habeas Corpus and Amended Petition for Writ of Habeas Corpus filed by the Petitioner, Garfield H. Wright ("Petitioner"), pursuant to 28 U.S.C. section 2254. The Petitioner is currently incarcerated in the State Correctional Institution, Greene located in Waynesburg, Pennsylvania. For the reasons that follow, it is recommended that both the Petition and the Amended Petition be denied and dismissed without an evidentiary hearing.

**I.**      **PROCEDURAL HISTORY**.[1]

      On May 24, 1991, following a jury trial before the Honorable David Savitt in the Court of Common Pleas of

---

[1] This information is taken from the Petition for Writ of Habeas Corpus and the Response thereto.

Philadelphia County, Pennsylvania, the Petitioner was convicted of second degree (felony) murder, robbery, criminal conspiracy, and possession of an instrument of crime ("PIC").  Petitioner was sentenced to mandatory life imprisonment for the murder conviction, and concurrent terms of five to ten years for criminal conspiracy and one to two years for PIC.  Judge Savitt also denied Petitioner's original and supplemental post-sentence motions.

Petitioner directly appealed this sentence to the Superior Court of Pennsylvania on June 1, 1992, raising the following issues: (1) the trial court erred in denying a motion for mistrial because Commonwealth witness Charlene Powery's name was not disclosed during the discovery period; (2) the trial court erred in denying a motion for mistrial when witness Garfield Coates testified that he saw Petitioner sometime in 1989 in Holmesburg prison; (3) trial counsel was ineffective for failing to object to the testimony of Sergeant Clark who stated that after a witness got petitioner back to petitioner's car, petitioner refused to make any comment; and (4) trial counsel was ineffective for not requesting that the defense ballistics expert test-fire petitioner's Tec-9 semiautomatic pistol prior to trial.  See Resp., Ex. A; Commonwealth v. Wright, 628 A.2d 456 (Pa. Super. 1993).

On March 24, 1993, the Superior Court, in an

unpublished opinion, affirmed petitioner's judgment of sentence. (Resp., Ex. A; Commonwealth v. Wright, 628 A.2d 456 (Pa. Super. 1993).) Petitioner filed a Petition for Allowance of Appeal with the Pennsylvania Supreme Court, and the Pennsylvania Supreme Court denied allocatur on October 12, 1993. See Commonwealth v. Wright, 634 A.2d 221 (Pa. 1993)(Table).) Petitioner did not seek certiorari with the United States Supreme Court, therefore his sentences became final on January 10, 1994, when his ninety day opportunity to seek certiorari with that Court expired.[2]

On July 19, 1994, Petitioner filed a pro se petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"). See 42 Pa. C.S.A. § 9541. Counsel was appointed and filed an amended petition. After a November 25, 1995 hearing, this petition was dismissed by the trial court. Petitioner appealed that dismissal on December 28, 1995 to the Superior Court, raising the following issues: (1) trial counsel was ineffective for failing to request a jury instruction that the testimony of one accomplice may not be used to corroborate the testimony of another accomplice; and (2) trial and appellate counsel were ineffective for failing to request a jury charge that a co-defendant's guilty plea may not be used as evidence of the guilt of the defendant. (Resp. at 4.) The Superior Court found

---

[2] Respondents calculate the expiration of the ninety-day period as January 12, 1994, but this Court calculates the expiration to be January 10, 1994.

petitioner's first claim was waived because it was not raised on direct appeal.  The court also found that, even if the claim was not waived, it would have been meritless because the charge to the jury was correct and the testimony of the accomplices was corroborated by other evidence.  With respect to the second claim, the Superior Court also found that claim to be without merit because petitioner was charged as a co-conspirator and once evidence was accepted which established the conspiracy, the jury was free to infer petitioner's guilt based on the actions of his co-conspirators.  (Resp., Ex. B; Commonwealth v. Wright, 686 A.2d 1368 (Pa. Super. 1996)).  On March 26, 1997, the Supreme Court of Pennsylvania denied petitioner's petition for allocatur.  See Commonwealth v. Wright, 693 A.2d 588 (Pa. 1997)(Table).

On January 5, 1998, petitioner filed his second PCRA petition, and on February 4, 1998, Judge Savitt denied his petition for appointment of counsel and dismissed the petition as untimely.  On March 9, 1998, petitioner appealed the dismissal to the Superior Court, and on October 19, 1999, the court reversed and remanded the case to Judge Savitt for failure to provide petitioner with ten days' notice of his intent to dismiss the petition pursuant to PA. R. CRIM. P. 907.  (Resp., Ex. C; Commonwealth v. Wright, 748 A.2d 780 (Pa. Super. 1999)).  Judge Savitt then appointed counsel on March 30, 2000.  Appointed counsel filed a no-merit letter pursuant to Commonwealth v.

Finley, 550 A.2d 213 (Pa. Super. 1988). Judge Savitt filed a ten day notice of intent to dismiss the PCRA petition, and petitioner did not respond to the notice of intent. Thus, on October 17, 2000, Judge Savitt dismissed the PCRA petition.

On October 31, 2000, petitioner appealed the denial of PCRA relief to the Superior Court, making general claims that trial and appellate counsel were ineffective, and that the PCRA court erred by not conducting an evidentiary hearing. On December 18, 2001, the Superior Court affirmed, finding that because petitioner's PCRA petition was untimely filed, the PCRA court lacked jurisdiction to address his claims and therefore properly dismissed his petition. (Resp., Ex. D; Commonwealth v. Wright, 792 A.2d 1290 (Pa. 2001)). On June 28, 2002, the Supreme Court of Pennsylvania denied petitioner's petition for allocatur. See Commonwealth v. Wright, 803 A.2d 735 (Pa. 2002)(Table).

On July 22, 2002, Petitioner filed the instant pro se Petition for Writ of Habeas Corpus. Petitioner makes the following claims: (1) trial counsel failed to object to the testimony of Police Officer Clark, who stated that petitioner refused to make a statement after he was allegedly arrested and read his Miranda warnings (Pet. at 9); (2) trial counsel was ineffective for failing to request a jury instruction that the testimony of an accomplice may not corroborate the testimony of another accomplice (Id. at 10); (3) trial counsel was ineffective

for failing to request a jury instruction that the guilty pleas of a co-defendant may not be considered as evidence against Petitioner (Id.); (4) denial of due process of law when co-Defendant Garfield Coates allegedly participated in confidential joint defense conferences, while purportedly acting as an agent for the Commonwealth (Id.); and (5) the PCRA court denied Petitioner's right to due process by refusing to address the merits of the Petition because it was untimely under the PCRA statute (Id.).  Plaintiff also raises fifteen other bases for relief in his Amended Petition.  (Am. Pet. at 2-5.) Respondents contend that this Petition is time-barred and Petitioner offers no credible evidence that would compel an equitable tolling of the statute of limitations.

**II.      DISCUSSION**.

Petitioner's case must be decided pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted April 24, 1996.  Pub.L. 104-132, 110 Stat. 1214.  Section 104(2) of the AEDPA amended 42 U.S.C. section 2254, the statute under which this Petition was filed, requires that federal courts give greater deference to a state court's legal determinations.  The AEDPA also amended 28 U.S.C. section 2244 to require that:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation

>period shall run from the latest of -
>
>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If direct review of a criminal conviction ended prior to the AEDPA's effective date, a prisoner has one year subsequent to the April 24, 1996 effective date to properly file a habeas action. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

There is an exception in the statute, however, for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The United States Court of Appeals for the

Third Circuit ("Third Circuit") has ruled that the limitations period is not statutorily tolled by an untimely PCRA petition. See Fahy v. Horn, 240 F.3d 239 (3d Cir.), cert. denied, 122 S.Ct. 323 (2001). Although the Third Circuit has stated that a "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing," see Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998), the court has also adopted a "flexible approach" regarding the forms of state review that qualify for equitable tolling. Nara v. Frank, 264 F.3d 310, 315-316 (3d Cir. 2001) (citing Artuz v. Bennett, 531 U.S. 4, 8 (2000)("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, . . . the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."). Prior to Artuz and Nara, however, the Third Circuit stated in dicta that a PCRA petition filed outside the state statutory time guidelines would not be properly filed. See Morris v. Horn, 187 F.3d 333, 338 (3d Cir. 1999).[3] Further, in Carey v. Saffold, 122

---

[3] Despite the holding in Fahy, three District Court Judges within this district have relied on Nara, holding that the time during which an ultimately determined "untimely" PCRA petition is pending is tolled for purposes of the one-year AEDPA calculation. See Satterfield v. Johnson, 218 F. Supp.2d 715 (2002)(DuBois, J.); Pace v. Vaughn, No. 99-6568, 2002 WL 485689 (E.D. Pa. Mar. 29, 2002)(Giles, C.J.); Rosado v. Vaughn, No. 00-5808, 2001 WL

S.Ct. 2134 (2002), the United States Supreme Court effectively overruled that portion of Nara which held petitions which are untimely under state rules may nonetheless be deemed "properly filed."  Id.  Thus, in order to be deemed properly filed, an application for collateral review in state court must satisfy the state's timeliness requirements.  Id.

In this case, Petitioner's convictions became final on January 10, 1994, after expiration of the ninety day period within which he could seek discretionary review by the United States Supreme Court.[4]  See 42 Pa. C.S.A. § 9545(b)(3); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999).  Because Petitioner's convictions became final before enactment of the

---

1667575, at *3 (E.D. Pa. Dec. 28, 2001)(Shapiro, J.); Cooper v. Vaughn, No. 00-6016, 2001 WL 1382493, at *3-*4 (E.D. Pa. Nov. 6, 2001)(Shapiro, J.).

  Nonetheless, only the time that a properly filed collateral attack is actually under submission is excluded from the one year period under the AEDPA.  See Swartz v. Meyers, 204 F.3d 417, 424 (3d Cir. 2000)("[t]he period of limitations tolls during the time a prisoner has to seek review of the Pennsylvania Superior Court's decision whether or not review is actually sought").

  [4] 42 Pa. C.S.A. section 9545(b)(3) provides the following:

  (b)    TIME FOR FILING PETITION -

     (3)    For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

See 42 Pa. C.S.A. § 9545(b)(3).

10

AEDPA, he had one year from the date the AEDPA was enacted, or until April 23, 1997, to file a timely federal petition for writ of habeas corpus.  However, Petitioner filed his first PCRA petition on July 19, 1994, which tolled the statute of limitations period from that date until March 26, 1997, when the Supreme Court of Pennsylvania denied his petition for allocatur and review of his PCRA petition ended.

From March 27, 1997 until January 5, 1998, the date Petitioner filed his second PCRA petition, two hundred eighty days in the statutory tolling period elapsed.  This second PCRA petition was dismissed as time-barred by Order on March 16, 2001, and review of this second petition ended June 28, 2002, when the Pennsylvania Supreme Court denied his petition for allocatur.  Because the second PCRA petition was dismissed as untimely, the period of time this petition was pending in the state court did not toll the AEDPA statute of limitations.  Thus, the limitations clock continued to run on March 27, 2001, with eighty-five days remaining for Petitioner to file a timely federal habeas petition, or until June 10, 2001.  Petitioner filed the instant Petition July 22, 2002, over one year too late.

One opportunity for relief from the time-bar may remain for Petitioner, however, because the statute of limitations in the AEDPA is subject to equitable tolling. Robinson v. Johnson, No. 00-1979, 2002 WL 31546341, at *4 (3d Cir. Nov. 18,

11

2002)(citing Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617-618 (3d Cir. 1998)(citation omitted)). "[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'" Miller, 145 F.3d at 618 (quoting Shendock v. Dir., Ofc. of Workers' Comp. Programs, 893 F.2d 1458, 1462 (3d Cir.)(en banc), cert. denied, 498 U.S. 826 (1990)). The Petitioner "must show that he . . . 'exercised reasonable diligence in investigating and bringing [his] claims.' Mere excusable neglect is not sufficient." Id. (quoting New Castle County v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997) and citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). The United States Court of Appeals for the Third Circuit has set forth the following three circumstances in which equitable tolling is permitted: (1) if the [Respondent] has actively misled the [Petitioner]; (2) if the [Petitioner] has in some extraordinary way been prevented from asserting his rights, or (3) if the [Petitioner] has timely asserted his rights mistakenly in the wrong forum. Fahy, 240 F.3d at 244 (citing Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999)(citations omitted)).

Because Petitioner provides no reason for his delay in filing the instant Petition, equitable tolling is unavailable to him. Davis v. Varner, No. CIV.A.00-4349, 2001 WL 1417462, at *4-*5 (E.D. Pa. Nov. 8, 2001)(finding no equitable tolling where

petitioner claimed he was prevented from filing timely habeas petition due to riot at correctional facility resulting in destruction of personal property and court records, non-receipt of replacement copy of post-conviction petition, and housing in restrictive unit without access to law library or legal assistant from 1989 until 1992)(citing New Castle County, 111 F.3d at 1126 (finding no equitable tolling where petitioner waited months to file habeas petition after end of alleged tolling event) and Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999)(same)).

Therefore, I make the following:

### **RECOMMENDATION**

AND NOW, this         day of February, 2003, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus and the Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 be DENIED and DISMISSED. There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
ARNOLD C. RAPOPORT
United States Magistrate Judge